## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| BARLAN HOLDINGS, LLC, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Case No. 4:22-mc-00330-SEP |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM AND ORDER

Before the Court is Petitioner Barlan Holdings, LLC's Petition to Quash IRS Summonses, Doc. [1], and Respondent United States of America's Motion to Dismiss Petition to Quash Summonses, Doc. [12]. For the reasons set forth below, the motion to quash is denied and the motion to dismiss is granted.

### FACTS AND BACKGROUND

Petitioner is a limited liability company organized in Missouri on April 6, 2018. Doc. [14] ¶ 9. Petitioner held a 95% interest in Barlan Properties, LLC, which owned 234 acres of real property in Jefferson Parish, Louisiana. *Id.* ¶ 12; Doc. [2] at 5. On December 12, 2018, Barlan Properties purportedly granted a conservation easement on the 234 acres of real property to Atlantic Coast Conservancy, LLC. *Id.* ¶ 14. Barlan Properties claimed a charitable contribution deduction of $90,150,000 for the easement donation on its 2018 tax return. *Id.*

In 2018, Petitioner sold its 95% interest in Barlan Properties to Premier Clay Investors, LLC, for $10,388,288. Doc. [14] ¶ 22; Doc. [2] at 5. The parties dispute the exact date of that sale. Petitioner alleges that the sale occurred on May 1, 2018. Doc. [2] at 5. According to the IRS, Barlan Properties represented in its operating agreement that the sale occurred on December 6, 2018, but in its 2018 tax return, Petitioner represented that the sale occurred on December 19, 2018. Doc. [14] ¶ 22. The IRS claims that the sale date matters in relation to the easement donation, which occurred on December 12, 2018, and could affect the value of Petitioner's interest in Barlan Properties. *Id.* ¶ 23. Also according to the IRS, the sale date affects Petitioner's 2018 tax liability, specifically whether Petitioner's income from the sale is ordinary income or capital gains and whether Petitioner is a bona fide partnership. *Id.* ¶¶ 24, 25.

On May 18, 2021, the IRS began auditing Petitioner's 2018 tax return to investigate the following: the date of Petitioner's sale of its ownership interest in Barlan Properties; Petitioner's reported income from that sale; and whether Petitioner is a bona fide partnership. *See* Docs. [2], [2-4]. As part of the audit, the IRS issued information document requests to Petitioner, which complied with those requests. Doc. [2] at 11-12. On March 29, 2022, the IRS issued third-party summonses to Andrew Adams; Stephen Miles; Barlan Properties, LLC; Premier Clay Investors, LLC; Grantham Poole, PLLC; Jason Cardon; Michael Denny; Legacy Land Holdings, LLC; and TC Investors, LLC. Doc. [14] ¶ 4. On April 18, 2022, Petitioner filed a petition to quash the IRS summonses. Doc. [1]. In response, the IRS filed a motion to dismiss the petition. Doc. [12].

## DISCUSSION

Under 26 U.S.C. § 7609, any person subject to an audit by the IRS has the right to petition a United States district court to quash third-party summonses issued by the IRS as part of the audit. Petitioner has exercised this right and asks this Court to quash the third-party summonses issued by the IRS as part of its audit of Petitioner's 2018 federal partnership tax return. *See* Doc. [2] at 2. This Court's jurisdiction extends only to petitions related to persons who reside or are found within its judicial district. *See* 26 U.S.C. § 7609(h)(1). Thus, this Court's review is limited to the summonses issued to Legacy Land Holdings, LLC (Legacy), and TC Investors, LLC (TC Investors), the only summoned parties who reside in this judicial district. Doc. [2] at 2. Petitioner contends that, "whether as the result of incompetence or vindictiveness," those summonses were improperly issued under factual circumstances that "raise an inference of bad faith." Doc. [2] at 24, 26.

To show that a summons was issued in good faith, the "[IRS] must show [1] that the investigation will be conducted pursuant to a legitimate purpose, [2] that the inquiry may be relevant to that purpose, [3] that the information sought is not already within the [IRS]'s possession, and [4] that the administrative steps required by the Code have been followed . . . ." *Robert v. United States*, 364 F.3d 988, 996 (8th Cir. 2004) (quoting *United States v. Powell*, 379 U.S. 48, 57-58 (1964)). "The [IRS] typically meets that burden without a hearing, by averring in an affidavit or declaration by the agent who issued the summons that each of the *Powell* requirements has been satisfied." *United States v. Kaiser*, 308 F. Supp. 2d 946, 951 (E.D. Mo. 2004). "If the IRS makes [that] showing, the challenger is afforded the opportunity to rebut the

IRS showing as to one or more of the requirements 'or to demonstrate that judicial enforcement of the summons would otherwise constitute an abuse of the court's process.'" *Robert*, 364 F.3d at 996 (quoting *United States v. Claes*, 747 F.2d 491, 494 (8th Cir. 1984)). "That burden is a heavy one. The party must show either that the IRS is acting in bad faith or that the IRS has abandoned any civil purpose in the investigation." *Claes*, 747 F.2d at 494 (citation omitted).

The IRS indicates that it seeks only dismissal of the petition and contends that Petitioner therefore bears the initial burden of proof. *See* Doc. [13] at 3-4; *see also id.* at 4 (collecting district court cases holding that petitioner bears burden of presenting valid defense to summons where government moves to dismiss petition to quash). Although Petitioner does not respond to that argument, it bears the burden of proof regardless, because the IRS submitted a declaration from Lijia Wu—the IRS agent conducting the audit—thereby meeting its initial burden of establishing a prima facie case for enforceability under *Powell*. *See Kaiser*, 308 F. Supp. 2d at 951. Because Petitioner argues that the IRS summonses of Legacy and TC Investors fail *Powell*'s standard for good faith, the Court's analysis follows the factors set forth in *Powell*.

## I. Good Faith

### A. Legitimate Purpose

Petitioner argues that the IRS does not present a legitimate purpose for the summonses issued as part of its audit, and that the summonses "are nothing more than a fishing expedition through third-party records." Doc. [18] at 17. The IRS counters that "the third-party summonses [are] necessary to obtain or verify information important to resolving whether [Petitioner's 2018 federal tax] return is correct," Doc. [13] (citing Doc. 14 ¶¶ 30-36), which Petitioner concedes was a purpose behind the audit. *See* Doc. [2] at 26. Specifically, the IRS noted "inconsistencies in the information provided to the IRS by [Petitioner] during the audit," most notably the date of sale of Petitioner's interest in Barlan Properties, which determines Petitioner's tax liability. Doc. [19] at 2; *see also* Doc. [13] at 5-6. Petitioner has not shown that investigating those inconsistencies is an improper purpose for the summonses of Legacy and TC Investors. *See United States v. Clement*, 668 F.2d 1010, 1013 (8th Cir. 1982) (determination of whether tax return was completed with accurate valuation constitutes legitimate purpose under *Powell*).

### B. Relevance

Petitioner also claims that the information sought in the summonses is not relevant to the audit. Doc. [2] at 4; Doc. [18] at 13. Information requested in a summons is relevant if it

3

"'might have thrown light upon' the correctness of [Petitioner's] tax return." *United States v. Arthur Young & Co.*, 465 U.S. 805, 813 (1984); *see also id.* at 813 n.11. "Courts have explained this standard as requiring the IRS to demonstrate that it has a 'realistic expectation rather than an idle hope that something might be discovered.'" *La Mura v. United States*, 765 F.2d 974, 981 (11th Cir. 1985) (quoting *United States v. Harrington*, 388 F.2d 520, 524 (2nd Cir. 1968)).

The IRS has met that standard with respect to the information requested in the summonses at issue here. In the declaration submitted by the IRS, Agent Wu states that the IRS believes Legacy and TC Investors "are the two members of Petitioner. As members . . . , [they] are likely to have documents and records directly relevant to the issues under examination of [Petitioner], including the treatment of [its] income and whether [it] was a legitimate partnership." Doc. [14] ¶ 29. Because the IRS is determining Petitioner's tax liability, which depends on when Petitioner sold its interest in Barlan Properties, it is a "realistic expectation" that Legacy and TC Investors, as members of Petitioner, would have information relevant to that determination. *La Mura*, 765 F.2d at 981. Thus, Petitioner has not shown that the information the IRS seeks from Legacy and TC Investors is irrelevant to the IRS's audit.

### C. Prior Possession

Petitioner argues that the IRS already possesses some of the information requested in the summonses, and that because it summoned five of the nine requested parties in its audit of Barlan Properties, summoning those parties a second time in Petitioner's case is unnecessary. Doc. [2] at 16-17. The Court disagrees. *See United States v. Linsteadt*, 724 F.2d 480, 483 (5th Cir. 1984) ("The 'already possessed' exception to the enforcement of Internal Revenue summonses is narrowly construed." (internal citations omitted)). Despite auditing both Petitioner and Barlan Properties, the IRS has been unable to determine the date of Petitioner's sale of its ownership interest in Barlan Properties, which it claims is necessary "to complete its examination and confirm that [Petitioner's] recordkeeping is complete and accurate[.]"[1] Doc. [13] at 11. And while Petitioner claims that the summonses are duplicative and unnecessary given the summonses already issued in the audit of Barlan Properties, Petitioner does not claim

---

[1] Petitioner reported in its 2018 tax return that the sale occurred on December 19, 2018; Barlan Properties represented in its operating agreement that the sale occurred on December 6, 2018; and Petitioner alleges that the sale occurred on May 1, 2018, in the petition before this Court. Doc. [14] ¶ 22; Doc. [2] at 5.

4

that those third parties have produced the requested records. Thus, Petitioner has not shown that the IRS is seeking information already in its possession.

### D. Administrative Procedures

Petitioner further claims that the IRS neglected to follow proper administrative steps by failing to "issue a deficiency letter and a pre-summons letter" to Petitioner before issuing the summonses on Legacy and TC Investors, as required by the Internal Revenue Code. Doc. [2] at 3, 10, 37. The IRS is statutorily required to provide the audited party with notice of its intent to contact third parties and also to serve a copy of any third-party summons on the audited party. *See* 26 U.S.C. §§ 7602(c), 7609(a). In the declaration submitted by the IRS, Agent Wu states that, on June 23, 2021, she "provided Petitioner with advance notice of intent that the IRS might contact third parties during the course of the audit[.]" The IRS did not summon Legacy or TC Investors until March 29, 2022. *See id.* ¶¶ 46, 48; Doc. [2] at 1. And the agency sent copies of those summonses to Petitioner by registered mail. Doc. [14] ¶¶ 47, 49. Thus, the record shows that the IRS followed the administrative procedures required by the Internal Revenue Code.

Petitioner also argues that the IRS failed to send it a deficiency notice before summoning Legacy and TC Investors as required by the Internal Revenue Manual (IRM). *See* Doc. [2] at 37-38. IRM § 25.5.6.1.4 states: "In general, the IRS should issue summonses only when the taxpayer (or other witness) will not produce the desired records or other information voluntarily." The IRM "does not have the force of law[] but is instead merely persuasive authority." *United States v. Rum*, 995 F.3d 882, 893 (11th Cir. 2021) (quotation omitted); *see also Vallone v. Comm'r of Internal Revenue*, 88 T.C. 794, 807-08 (U.S. Tax Ct. 1987) (citation omitted). IRM § 25.5.6.1.4 advises agents of the general rule that they should attempt to acquire information from the audited party before summoning third parties; it does not require the IRS to provide a deficiency notice before summoning third parties. *See* IRM § 25.5.6. Consequently, Petitioner has not shown that the IRS failed to follow proper administrative procedures.

## II.   Overbreadth

Petitioner also claims that the summonses are overbroad because their language is not specifically tailored to Legacy or TC Investors. Doc. [2] at 44-47. A summons is overbroad if it "does not advise the summoned party what is required of him with sufficient specificity to permit him to respond adequately." *Wyatt*, 637 F.2d at 302 n.16. But Petitioner lacks standing to raise an overbreadth objection. "Because an overbreadth challenge is about the ability of the

summonee to comply, not about the scope of the documents requested, the taxpayer lacks Article III standing to bring an overbreadth challenge to a third-party summons." *Miccosukee Tribe of Indians of Fla. v. United States*, 698 F.3d 1326, 1332 (11th Cir. 2012). Because the challenged summonses are issued to Legacy and TC Investors, Petitioner lacks standing to challenge them on overbreadth grounds.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Barlan Holdings, LLC's Petition to Quash IRS Summonses, Doc. [1], is **DENIED**.

**IT IS FURTHER ORDERED** that Respondent United States of America's Motion to Dismiss Petition to Quash Summonses, Doc. [12], is **GRANTED**.

A separate order of dismissal accompanies this Memorandum and Order.

Dated this 24th day of May, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE